UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60761-CIV-SMITH

ROBERT SYMINGTON,

        Plaintiff,

vs.

BVAJ MARINE, LTD.,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE**

This matter is before the Court on the Defendant's Motion to Dismiss Complaint [DE 14], Plaintiff's response [DE 18], and Defendant's reply [DE 21]. Plaintiff's Complaint arises from an injury he suffered while working aboard the M/Y Starfire, a vessel owned by Defendant. Plaintiff brings his claims pursuant to the Jones Act, 46 U.S.C. § 30104 *et seq.* and general maritime law. Defendant moves to quash service, dismiss for improper service, lack of personal jurisdiction, and failure to state a cause of action upon which relief can be granted. For the reasons stated below, the motion to quash is granted. Because Defendant is not properly before the Court, it is premature to consider Defendant's motion to dismiss for failure to state a claim. The motion to dismiss for lack of personal jurisdiction is denied without prejudice because the Court grants Plaintiff additional time to serve Defendant.

**I.    BACKGROUND**

Plaintiff filed a Return of Service [DE 10] on May 6, 2020. According to the Return of Service, the process server served "Graham Ellis as Chief Engineer for M/Y Starfire and employee of BVAJ Marine LTD." (Return of Serv.) The Return of Service further states that Ellis was

served pursuant to sections 48.081(3)(a) and 48.081(5) of the Florida Statutes. (*Id.*) After Defendant filed the instant Motion, Plaintiff filed an Amended Return of Service [DE 15]. The Amended Return of Service includes the following statement:

> Process server was advised by client that BVAJ Marine Ltd. Does not have a Registered Agent in the State of Florida per [Florida Statutes, section] 48.091. . . . Mr. Graham Ellis, Chief Engineer and employee of the M/Y Starfire was served per [Florida Statutes, sections] 48.081(3)(a) and (5). The Process Server asked if any of the owners or officers of the corporation were present such as the President, Vice President, Treasure [sic], Secretary, Cashier and Manager per [Florida Statutes, section] 48.081. Mr. Ellis stated he was the only employee there at the time and "in charge" (agent). The documents were served per [Florida Statutes, sections] 48.081(1)(d) and (2). The Return of Service is Amended as per [Florida Statutes, section] 48.21(2).

(Am. Return of Serv.)

In support of its Motion, Defendant has submitted the Sworn Declaration of Graham Ellis [DE 14-1] and the Sworn Declaration of Captain Carl Sputh [DE 14-2]. In his Declaration, Ellis states that he is employed by Defendant as an engineer aboard the M/Y Starfire but is not authorized to accept service. (Ellis Decl. ¶¶ 3-6.) He further declares that he is not a president, vice president, other head of Defendant, cashier, treasurer, secretary, general manager, officer, business agent, corporate officer, or a managing or general agent of Defendant. (*Id.* ¶¶ 7-11.) Sputh similarly declares that Ellis is employed as an engineer by Defendant but is not authorized or appointed to accept service of process on behalf of Defendant. (Sputh Decl. ¶¶ 12, 14.) Sputh further states that Ellis is not a president, vice president, other head of Defendant, cashier, treasurer, secretary, general manager, officer, business agent, corporate officer, or a managing or general agent of Defendant. (*Id.* ¶¶ 15-19.)

II.     **STANDARD OF REVIEW**

While the plaintiff has the burden to prove sufficiency of service of process, a signed return of service is *prima facie* evidence of proper service. *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). "If a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Id.*  A court may consider affidavits, depositions, and oral testimony submitted by a defendant challenging service. *Id.* If a defendant submits such evidence, the plaintiff is permitted to file similar evidence to counter. *Id.; see also Naviera Blancamar, S.A. v. Boucher*, 547 So. 2d 1034, 1035 (Fla. 3d DCA 1989) (stating that, after defendant submitted an affidavit in support of its motion to quash, "it was necessary for plaintiffs to submit affidavits or other competent proof rebutting defendant's assertions" in order to defeat the motion to quash service).

III.    **DISCUSSION**

Defendant moves to quash service and dismiss this action for insufficient service of process.[1] Federal Rule of Civil Procedure 4(h) allows service of process on a corporation by either following the procedures set forth in the Rule or by complying with state law for the state in which the court is located. *See* Fed. R. Civ. P. 4(h).  Plaintiff does not contend that Defendant was served pursuant to the procedures set out in Rule 4(h); instead, Plaintiff contends, and the Returns of Service indicate, that Defendant was served pursuant to Florida Statute.  Florida requires strict compliance with all of the statutory requirements for service of process. *Mattress One, Inc. v.*

---

[1] Defendant's first argues that the address on the summons and the address at which Defendant was served, according to the Return of Service, are different.  However, Defendant has offered no authority explaining why the different addresses would invalidate service.

3

*Sunshop Properties, LLC*, 282 So. 3d 1024, 1025 (Fla. 3d DCA 2019).

Section 48.081, Florida Statutes, sets forth the procedures for service of process on a corporation in Florida. The original Return of Service indicates that Defendant was served pursuant to sections 48.081(3)(a) and 48.081(5). Section 48.081(3)(a) states:

> [P]rocess may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

Fla. Stat. § 48.081(3)(a). However, Florida courts have held that section 48.081(3) "only applies to corporations licensed or qualified to do business in Florida." *Washington Capital Corp. v. Milandco, Ltd., Inc.*, 665 So. 2d 375, 376 (Fla. 4th DCA 1996) (citing *White v. Pepsico, Inc.*, 568 So. 2d 886, 889 (Fla. 1990)). Plaintiff does not contend that Defendant is licensed or qualified to do business in Florida. Consequently, Plaintiff could not properly serve Defendant with process under section 48.081(3). *See id.*

Section 48.081(5) allows service on a corporation that "engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom," by personally serving "any officer or business agent while on corporate business within this state." Fla. Stat. § 48.081(5). Plaintiff argues that Defendant has conceded that service was proper under section 48.081(5) because Defendant does not address this section directly in the Motion to Dismiss. While Defendant has not explicitly referred to this section in its Motion, the Motion and the accompanying Declarations address the issue by stating that Ellis is neither an officer nor a managing or general agent of Defendant. Consequently, Defendant did not concede that service was proper under section 48.081(5).

4

Therefore, the Court must determine whether service was proper under this section.

According to the first Return of Service, Plaintiff served "Graham Ellis as Chief Engineer for M/Y Starfire and employee of BVAJ Marine LTD." The Amended Return of Service states that Plaintiff served "Mr. Graham Ellis, Chief Engineer and employee of the M/Y Starfire . . . Mr. Ellis stated he was the only employee there at the time and 'in charge' (agent)." Florida courts have interpreted the term "business agent" to mean "more than one appointed for a limited or particular purpose. It has reference to one having general authority to act for the corporation within the state. Its duties must be closely related to the duties of the officers of the corporation." *Int'l Steel Truss Co. v. Artec Grp., Inc.*, 824 So. 2d 340, 342 (Fla. 2d DCA 2002) (quoting *Valdosta Milling Co. v. Garretson*, 54 So. 2d 196, 197 (Fla. 1951)). Therefore, neither the original Return of Service nor the Amended Return of Service are sufficient to show that Defendant was properly served under section 48.081(5). Ellis is not an officer of Defendant. Nor does he qualify as a "business agent" under the statute. Merely telling the process server that he was "in charge" is not sufficient to establish that Ellis had general authority to act for the corporation. *See Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. 4th DCA 2010) (holding that service on a bank teller who stated that she was authorized to accept service was not sufficient and "did not absolve the process server of the obligation to make further inquiry."). Consequently, service under section 48.081(5) was improper.

The Amended Return of Service states that Defendant was served pursuant to the two sections of the statute listed in the original Return of Service plus in accordance with sections 48.081(1)(d) and (2). Section 48.081(1)(d) allows service on "any officer or business agent" of a corporation in the absence of the president, vice president, cashier, treasurer, secretary, general manager, or director of the corporation. Fla. Stat. § 48.081(1)(d). As set out above, there is no

5

evidence that Ellis is a "business agent" of Defendant. Further, there is no evidence that he is an officer of Defendant. Consequently, Plaintiff did not effectuate service under section 48.081(1)(d).

Finally, section 48.081(2) permits service on a foreign corporation by serving "any agent transacting business for it in this state" if the corporation does not have a president, vice president, cashier, treasurer, secretary, general manager, director of the corporation, officer or business agent in the state. Fla. Stat. § 48.081(2). Plaintiff has failed to establish that Ellis was "transacting business" for Defendant. Ellis's statement that he was "in charge" is not sufficient to establish that he was transacting business for Defendant. Further, both Ellis' and Sputh's Declaration establish that Ellis was employed as an engineer and had no authority to receive service of process. Plaintiff has failed to rebut this or to show that Ellis was an "agent transacting business" for Defendant. Finally, it is not clear from the Amended Return of Service that the process server established that Defendant had no business agent in the state, as required before service on "any agent transacting business." Thus, Plaintiff has failed to show that service pursuant to section 48.081(2) was proper.

Plaintiff has failed to meet his burden of establishing that service of process was proper under any of the statutes cited in the Returns of Service. Consequently, service on Defendant is quashed. The Court, however, will provide Plaintiff with an additional thirty days to perfect service on Defendant. Thus, the Motion to Dismiss for Insufficient Service of Process and the Motion to Dismiss for Lack of Personal Jurisdiction are denied. Further, it would be inappropriate for the Court to consider Defendant's Motion to Dismiss for Failure to State a Claim at this point in time because Defendant was not properly served and, thus, the Court lacks personal jurisdiction over Defendant.

Accordingly, it is

**ORDERED** that:

1. Defendant's Motion to Dismiss Complaint [DE 14] is **GRANTED in part and DENIED in part.**

   a. The Motion to Quash is **GRANTED.**

   b. The Motion is denied in all other respects.

2. Plaintiff shall properly serve Defendant by **September 4, 2020**. Failure to do so and file a Return of Service shall result in final dismissal of this matter without further notice

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of August, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record